Although I wholeheartedly concur in Mr. Justice Almon's dissenting opinion, I am writing separately because I believe that the majority has incorrectly cited for support Talley v.Kellogg Co., 546 So.2d 385 (Ala. 1989), which I authored. The facts in that case are not comparable to the facts presented in this case and do not support the inference that the verdict in this case should be left undisturbed. Although Rule 60(b)(3), A.R.Civ.P., should not be used to *Page 181 
excuse a party's neglect to discover facts before trial, and while perjury may not be used in every case to set aside a judgment, Rule 60(b) does provide that a judgment can be set aside for newly discovered evidence and fraud.
Rule 1(c), A.R.Civ.P., states:
 "The rules shall be construed to secure the just, speedy and inexpensive determination of every action." (Emphasis added.)
The "just" result in this case would be to set aside this judgment. The plaintiff would still have the right to present evidence of his professional impairment. The actions of the plaintiff in this case certainly call into question the validity of the verdict and should not be countenanced. If there has ever been a case where Rule 60(b)(3) should be applied, it is this case.